**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**

LINA SCURTU and CORNELIA GROZAV, )

     **Plaintiffs,**               )

**v.**                                   )         **Case No. 07-410**

INTERNATIONAL STUDENT EXCHANGE, )
INC., HOSPITALITY AND CATERING
MANAGEMENT SERVICES, and      )
WENDCO CORP.,
                                    )

     **Defendants.**

_____

**ANSWER OF DEFENDANT INTERNATIONAL STUDENT EXCHANGE, INC.**
_____

COMES NOW the Defendant International Student Exchange, Inc. and pursuant to the *Federal Rules of Civil Procedure* Answers Plaintiffs' Complaint as follows:

**<u>PARTIES</u>**

1.     Defendant, International Student Exchange, Inc. (hereinafter referred to as "ISE") is without sufficient information to admit or deny any allegations contained in paragraph 1 and therefore denies the same and demands strict proof thereof.

2.     Defendant ISE is without sufficient information to admit or deny any allegations contained in paragraph 2 and therefore denies the same and demands strict proof thereof.

3.     Defendant ISE admits that it is a corporation incorporated under the laws of the State of New York with its principal place of business in Babylon, New York.  To the extent that paragraph 3 contains any additional allegations against ISE, Defendant ISE denies the same and demands strict proof thereof.

4.     Defendant ISE is without sufficient information to admit or deny the allegations contained in paragraph 4 and therefore denies the same and demands strict proof thereof.

5.     Defendant ISE is without sufficient information to admit or deny the allegations contained in paragraph 5 and therefore denies the same and demands strict proof thereof.

**JURISDICTION**

6.      Defendant ISE does not contest this Court's jurisdiction over this matter.  To the extent that paragraph 6 contains any additional or different allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

**BACKGROUND**

7.      Paragraph 7 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 7 contains allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

8.      Paragraph 8 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 8 contains allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.  Further, Defendant ISE denies that paragraph 8 contains a complete or accurate statement of the J-1 visa training program.

9.      Paragraph 9 does not appear to contain allegations against Defendant ISE, but to the extent that paragraph 9 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

10.      To the extent that paragraph 10 contains any allegations against Defendant ISE, Defendant ISE denies the same and demands strict proof thereof.

11.      Defendant ISE denies that The Association for Youth Exchange Programs served as its contractual and/or de facto agent as alleged.  To the extent that paragraph 11 contains any additional or different allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

12.       Defendant ISE denies the allegations contained in paragraph 12 and demands strict proof thereof.

13.      Defendant ISE is without sufficient information to either admit or deny the allegations contained in paragraph 13 and therefore denies the same and demands strict proof thereof.

14.     Defendant ISE denies that The Association for Young Exchange Programs was its contractual and/or de facto agent as alleged.  To the extent that paragraph 14 contains any additional or different allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

15.     Defendant ISE denies the allegations contained in paragraph 15 and demands strict proof thereof.

16.     Defendant ISE is without sufficient information to either admit or deny the allegations contained in paragraph 16 and therefore denies the same and demands strict proof thereof.

17.     Defendant ISE denies the allegations against it contained in paragraph 17 and demands strict proof thereof.

18.     Paragraph 18 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 18 contains any allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

19.     Paragraph 19 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 19 contains any allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

20.     Paragraph 20 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 20 contains any allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

21.     Paragraph 21 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 21 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

22.     Paragraph 22 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 22 contains allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

23.     Paragraph 23 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 23 contains allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

24.     Defendant denies the allegations contained in paragraph 24 and demands strict proof thereof.

25.     Defendant admits that the Code of Federal Regulations, 22 C.F.R. 62.22 outlines the regulations governing the J-1 training visa program.  However, Defendant ISE denies that paragraph 25 contains a complete, accurate and correct statement of the regulations governing the J-1 visa training program.  To the extent that paragraph 25 contains any other or additional allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

## COUNT I

## BREACH OF CONTRACT BETWEEN SCURTU AND ISE

26.     To the extent that paragraph 26 contains allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

27.     Defendant ISE denies the allegations contained in paragraph 27 and demands strict proof thereof.

28.     Defendant ISE denies the allegations contained in paragraph 28 and demands strict proof thereof.

29.     Defendant ISE denies the allegations contained in paragraph 29 and demands strict proof thereof.

30.     Defendant ISE denies the allegations contained in paragraph 30 and demands strict proof thereof.

31.     Defendant ISE denies the allegations contained in paragraph 31 and demands strict proof thereof.

32.     Defendant ISE denies the allegations contained in paragraph 32 and demands strict proof thereof.

33.     Defendant ISE denies the allegations contained in paragraph 33 and demands strict proof thereof.

## COUNT II

## BREACH OF CONTRACT BETWEEN GROZAV AND ISE

34.     To the extent that paragraph 34 contains any allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

35.     Defendant ISE denies the allegations contained in paragraph 35 and demands strict proof thereof.

36.     Defendant ISE denies the allegations contained in paragraph 36 and demands strict proof thereof.

37.     Defendant ISE denies the allegations contained in paragraph 37 and demands strict proof thereof.

38.     Defendant ISE denies the allegations contained in paragraph 38 and demands strict proof thereof.

39.     Defendant ISE denies the allegations contained in paragraph 39 and demands strict proof thereof.

40.     Defendant ISE denies the allegations contained in paragraph 40 and demands strict proof thereof.

41.     Defendant ISE denies the allegations contained in paragraph 41 and demands strict proof thereof.

## COUNT III

## FRAUD IN THE INDUCEMENT (CONTRACT BETWEEN SCURTU AND ISE)

42.     To the extent that paragraph 42 contains allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

43.     Defendant ISE denies the allegations contained in paragraph 43 and demands strict proof thereof.

44.     Defendant ISE denies the allegations contained in paragraph 44 and demands strict proof thereof.

45.     Defendant ISE denies the allegations contained in paragraph 45 and demands strict proof thereof.

46.     Defendant ISE denies the allegations contained in paragraph 46 and demands strict proof thereof.

47.     Defendant ISE denies the allegations contained in paragraph 47 and demands strict proof thereof.

48.     Defendant ISE denies the allegations contained in paragraph 48 and demands strict proof thereof.

49.     Defendant ISE denies the allegations contained in paragraph 49 and demands strict proof thereof.

50.     Defendant ISE denies the allegations contained in paragraph 50 and demands strict proof thereof.

51.     Defendant ISE denies the allegations contained in paragraph 51 and demands strict proof thereof.

52.     Defendant ISE denies the allegations contained in paragraph 52 and demands strict proof thereof.

53.     To the extent that paragraph 53 contains allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

## COUNT IV

## FRAUD IN THE INDUCEMENT (CONTRACT BETWEEN GROZAV AND ISE)

54.     To the extent that paragraph 54 contains allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

55.     Defendant ISE denies the allegations contained in paragraph 55 and demands strict proof thereof.

56.     Defendant ISE denies the allegations contained in paragraph 56 and demands strict proof thereof.

57.     Defendant ISE denies the allegations contained in paragraph 57 and demands strict proof thereof.

58.     Defendant ISE denies the allegations contained in paragraph 58 and demands strict proof thereof.

59.     Defendant ISE denies the allegations contained in paragraph 59 and demands strict proof thereof.

60.     Defendant ISE denies the allegations contained in paragraph 60 and demands strict proof thereof.

61.     Defendant ISE denies the allegations contained in paragraph 61 and demands strict proof thereof.

62.     Defendant ISE denies the allegations contained in paragraph 62 and demands strict proof thereof.

63.     Defendant ISE denies the allegations contained in paragraph 63 and demands strict proof thereof.

64.     Defendant ISE denies the allegations contained in paragraph 64 and demands strict proof thereof.

65.     Defendant ISE denies the allegations contained in paragraph 65 and demands strict proof thereof.

66.     To the extent that paragraph 66 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

## COUNT V

## BREACH OF CONTRACT BETWEEN SCURTU AND HCMS

67.     To the extent that paragraph 67 contains allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

68.     Paragraph 68 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 68 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

69.     Paragraph 69 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 69 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

70.     Paragraph 70 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 70 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

71.     Paragraph 71 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 71 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

72.     Paragraph 72 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 72 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

73.     Paragraph 73 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 73 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

74.     Paragraph 74 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 74 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

## COUNT VI

## BREACH OF CONTRACT BETWEEN GROZAV AND HCMS

75.     To the extent that paragraph 75 contains any allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

76.      Paragraph 76 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 76 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

77.     Paragraph 77 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 77 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

78.     Paragraph 78 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 78 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

79.     Paragraph 79 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 79 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

80.     Paragraph 80 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 80 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

81.     Paragraph 81 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 81 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

82.     Paragraph 82 does not appear to contain any allegations against Defendant ISE, but to the extent that paragraph 82 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

## COUNT VII

## FRAUD IN THE INDUCEMENT (CONTRACT BETWEEN SCURTU AND HCMS)

83.     To the extent that paragraph 83 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

84.     Paragraph 84 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 84 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

85.     Paragraph 85 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 85 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

86.     Paragraph 86 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 86 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

87.     Paragraph 87 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 87 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

88.     Paragraph 88 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 88 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

89.     Paragraph 89 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 89 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

90.     Paragraph 90 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 90 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

91.     Paragraph 91 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 91 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

## COUNT VIII

## FRAUD IN THE INDUCMENT (CONTRACT BETWEEN GROZAV AND HCMS)

92.     To the extent that paragraph 92 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

93.     Paragraph 93 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 93 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

94.     Paragraph 94 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 94 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

95.     Paragraph 95 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 95 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

96.     Paragraph 96 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 96 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

97.     Paragraph 97 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 97 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

98.     Paragraph 98 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 98 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

99.     Paragraph 99 does not appear to contain any allegations against Defendant ISE. However, to the extent that paragraph 99 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

100.    Paragraph 100 does not appear to contain any allegations against Defendant ISE.  However, to the extent that paragraph 100 does contain allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

## COUNT IX

## CIVIL CONSPIRACY (ISE, HCMS, AND WENDCO)

101.    To the extent that paragraph 101 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

102.    Defendant ISE denies the allegations contained in paragraph 102 and demands strict proof thereof.

103.    Defendant ISE denies the allegations contained in paragraph 103 and demands strict proof thereof.

104.    Defendant ISE denies that it participated in any way in the violation of the statutes governing the J-1 visa program.  To the extent that paragraph 104 contains any additional or different allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

105.    Defendant ISE denies the allegations contained in paragraph 105 and demands strict proof thereof.

106.    Defendant ISE denies the allegations contained in paragraph 106 and demands strict proof thereof.

107.    Defendant ISE denies the allegations contained against it in paragraph 107 and demands strict proof thereof.

## COUNT X

## VIOLATIONS OF TRAFFICKING VICTIM PROTECTION REAUTHORIZATION ACT OF 2003

108.    To the extent that paragraph 108 contains any allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

109.    Defendant ISE denies the allegations contained in paragraph 109 and demands strict proof thereof.

110.    It does not appear that paragraph 110 contains any allegations against Defendant ISE.  To the extent, however, that paragraph 110 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

111.    Defendant ISE denies the allegations contained in paragraph 111 and demands strict proof thereof.

112.    Paragraph 112 does not appear to contain any allegations against Defendant ISE.  However, to the extent that paragraph 112 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

113.    Defendant ISE denies the allegations contained in paragraph 113 and demands strict proof thereof.

114.    Defendant ISE denies the allegations contained in paragraph 114 and demands strict proof thereof.

115.    To the extent that paragraph 115 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

## COUNT XI

## RICO

116.    To the extent that paragraph 116 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

117.    To the extent that paragraph 117 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.  Further, Defendant ISE denies that paragraph 117 contains a complete and accurate statement of the Racketeer Influenced and Corrupt Organizations Act law as it would apply to Defendant ISE.

118.    Defendant ISE denies the allegations contained in paragraph 118 and demands strict proof thereof.

119.    To the extent that paragraph 119 contains any allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.

120.    To the extent that paragraph 120 contains any allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.  Defendant ISE denies that paragraph 120 contains a complete and accurate statement of the Racketeer Influenced and Corrupt Organizations Act laws as it would apply to Defendant ISE.

121.    Defendant ISE denies the allegations contained in paragraph 121, including subparagraphs A-F and demands strict proof thereof.

122.    Defendant ISE denies the allegations contained in paragraph 122 and demands strict proof thereof.

123.    To the extent that paragraph 123 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

## COUNT XII

## DECLARATORY JUDGMENT

124.    To the extent that paragraph 124 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

125.    Paragraph 125 does not appear to contain any allegations against Defendant ISE.  However, to the extent that paragraph 125 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

126.     Paragraph 126 does not appear to contain any allegations against Defendant ISE.  However, to the extent that paragraph 126 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

127.     Defendant ISE denies that it had an agreement with either Plaintiff.  Defendant ISE denies all allegations against it contained in paragraph 127 and demands strict proof thereof.  Further, Defendant ISE did not receive a copy of "Exhibit A, Contract" as noted in paragraph 127 of Plaintiffs' Complaint.

128.     Paragraph 128 does not appear to contain any allegations against Defendant ISE.  However, to the extent that paragraph 128 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

129.     Defendant ISE denies the allegations contained in paragraph 129 and demands strict proof thereof.

130.     To the extent that paragraph 130 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

<u>**COUNT XIII**</u>

<u>**PUNITIVE DAMAGES**</u>

131.     To the extent that paragraph 131 contains any allegations against Defendant ISE, those allegations are denied and Defendant ISE demands strict proof thereof.

132.     Defendant ISE denies that punitive damages represent a separate, distinct and appropriate cause of action outside the context of any other causes of action alleged by Plaintiffs in this suit.  Further, to the extent that paragraph 132 contains any allegations against Defendant ISE, Defendant ISE denies those allegations and demands strict proof thereof.  In addition, Defendant ISE denies that Plaintiffs are entitled to the recovery of punitive damages in this matter.

133.     Defendant ISE denies the allegations contained in paragraph 133 and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs fail to state claims for relief which can be granted.

2.      To the extent not specifically admitted to herein, Defendant ISE denies all allegations contained in this Complaint.

3.      Defendant ISE was not the primary and efficient cause of Plaintiff's injury, if any.

4.      Plaintiffs lack standing to pursue this action.

5.      Defendant pleads acquiescence by Plaintiffs.

6.      Defendant pleads consent by Plaintiffs.

7.      Defendant pleads authorization by Plaintiffs.

8.      Defendant pleads arbitration.

9.      Defendant pleads accord and satisfaction.

10.     If Plaintiffs suffered an injury, which Defendant ISE denies, Defendant ISE is not the proximate cause of any such injury.

11.     Plaintiffs have failed to properly plead their RICO claims with specificity, and therefore the claims must fail.

12.     This Defendant pleads estoppel.

13.     Plaintiffs have failed to properly plead their fraud claims with specificity and therefore their fraud claims must fail.

14.     To the extent that Plaintiffs claim punitive damages and such damages might or could be awarded against this Defendant in this action, the award of punitive damages under Alabama law and procedure violates the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments of the Constitution of the United States and Sections 1, 6, 10, 13, 15 and 22 of Article I of the Alabama Constitution of 1901, on the following separate and several grounds:

   a)     The standard governing when punitive damages may be awarded against a defendant in a civil action Alabama violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I of the Alabama Constitution;

b)      The award of punitive damages under Alabama law against a civil defendant, without providing to that defendant all of the protection guaranteed to a person accused of a crime, violates the Due  Process Clause of the Fourteenth Amendment and the requirements of the  Fifth and Sixth Amendments of the Constitution of the United States;

c)      The award of punitive damages in Alabama under any standard of proof less stringent than "beyond a reasonable doubt" violates both the Due Process Clause of the Fourteenth Amendment and the prohibition against cruel and unusual punishment in the Eighth Amendment of the Constitution of the United States;

d)      The award of punitive damages under Alabama law as claimed by the plaintiff in this action would violate the defendant's rights to substantive and procedural due process of law;

e)      Alabama law allows the award and imposition of punitive damages without requiring proof beyond a reasonable doubt that the defendant intended to cause the plaintiff's injuries;

f)      The procedures allowed and authorized under Alabama law permit the admission of evidence relative to the amount of punitive damages (e.g., the wealth of the defendant, pattern or practice, etc.) in the same proceeding during which liability and compensatory damages are determined, without bifurcation of the trial into a separate liability phase and punitive damage phase, and this practice deprives civil defendants of procedural and substantive due process of law guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

g)      The procedures and standards under Alabama law do not adequately direct and limit the jury's discretion in awarding punitive damages in a civil action; and this deprives civil defendants of procedural and substantive due process of law;

h)      The procedures and standards under Alabama law do not adequately direct and limit the trial court's discretion in reviewing the award and amount of punitive

damages in a civil action; and this deprives civil defendants of procedural and substantive due process of law;

       I)     Alabama law does not provide a clear and consistent appellate standard of review of an award of punitive damages; and this deprives civil defendants of procedural and substantive due process of law;

       j)     The award of punitive damages under Alabama law violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and the Excessive Fines Clause of the Alabama Constitution;

       k)     The procedures allowed under Alabama law permit the admission of evidence relative to the amount of punitive damages during trial and before the issues of liability and compensatory damages have been determined by the jury; and this practice deprives civil defendants of due process of law;

       l)     The current procedures under Alabama law permit the multiple awards of punitive damages for the same alleged act or conduct;

       m)     The award of punitive damages against a civil defendant in the State of Alabama, without providing to that defendant all of the protection guaranteed to a person accused of a crime, constitutes cruel and unusual punishment prohibited under the Eighth Amendment of the Constitution of the United States;

       n)     The procedures fail to provide a limit on the amount of the award against the Defendants in violation of  the Defendants' rights to procedural and substantive due process;

       o)     The procedures fail to provide specific standards for the award of punitive damages;

       p)     The procedures fail to provide specific standards for the amount of the award of punitive damages;

q)    The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof;

r)    The procedures fail to provide a clear consistent appellate standard of review for an award of punitive damages;

s)    The procedures permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined;

t)    Under Alabama law punitive damages are imposed as a punishment, in the nature of a criminal fine, without providing to the defendant the full range of procedural and substantive protection guaranteed under the 5th, 6th, 8th and 14th Amendments of the Constitution of the United States;

u)    The standards and procedures under which punitive damages are awarded in Alabama deprives defendants of equal protection of the law guaranteed under the 14th Amendment by the imposition of grossly differential punishment for the same or similar conduct and allows juries to indulge their bias and prejudices against unpopular defendants in violation of both the due process and equal protection rights of defendants.

15.    Defendant reserves the right to supplement its Affirmative Defenses.

Respectfully submitted,

/s/ CAROLINE T. PRYOR
CAROLINE T. PRYOR (PRYOC2802)
ATTORNEY FOR DEFENDANT –
INTERNATIONAL STUDENT
EXCHANGE, INC.

**OF COUNSEL:**

CARR, ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
(251) 626-8928 - Facsimile
cpryor@carrallison.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 6th day of August, 2007, I electronically filed the foregoing with the Clerk of the Court to the following:

Robert A. Ratliff, Esq.
713 Dauphin Street
Mobile, Alabama 36602

Jon A. Green, Esq.
711 Dauphin Street
Mobile, Alabama 36602


Thomas J. Woodford, Esq.
Jackson Myrick Kullman
Post Office Box 1287
Mobile, Alabama 36633

Russell F. Van Sickle, Esq.
Beggs & Lane LLP
Post Office Box 12950
Pensacola, Florida  32591-2950


/s/ CAROLINE T. PRYOR
OF COUNSEL