UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA SCURTU and
CORNELIA GROZAV

      Plaintiffs

v.                                     **1:07-cv-00410-WS-B**

INTERNATIONAL STUDENT
EXCHANGE, et al.,

      Defendants.
_____/

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS
COMPLAINT AS TO DEFENDANTS, HOSPITALITY AND CATERING
MANAGEMENT SERVICES AND WENDCO OF ALABAMA, INC., OR, IN THE
ALTERNATIVE, TO STAY THE CASE AND COMPEL ARBITRATION**

Defendants, Wendco of Alabama, Inc. ("Wendco") (erroneously identified by

plaintiffs as "Wendco Corp.") and Hospitality and Catering Management Services, Inc.

("HCMS"), by and through their undersigned attorneys, hereby submit the following

brief in support of their motion to dismiss the complaint as to Wendco and HCMS or, in

the alternative, to stay the case and refer to arbitration all claims against Wendco and

HCMS.  As grounds for the motion, defendants state as follows:

**BACKGROUND**

1.      Prior to entering into the J-1 sponsorship program with HCMS and

Wendco, both plaintiffs signed an "Agreement and Receipt for Foreign Exchange

Program Workers" with defendant HCMS and Wendco.  Plaintiff Grozav signed the

agreement on October 25, 2006, a true and correct copy of which is attached as Exhibit

A.  Plaintiff Scurtu signed the agreement on September 20, 2006, a true and correct copy

of which is attached as Exhibit B.  The plaintiffs, in numbered paragraph 125 of the complaint, admit they entered into these agreements with HCMS and Wendco.

2.      In the agreements, plaintiffs and defendants HCMS and Wendco, agreed that "all legal claims or disputes covered by this Agreement must be submitted to binding arbitration and that binding arbitration will be the sole and exclusive final remedy for resolving any such claim or dispute."

3.      In the agreements, plaintiffs and defendants HCMS and Wendco agreed that the claims covered by the mandatory arbitration were "all legal claims, including…claims for wages or other compensation, claims for breach of any contract, covenant, or warranty (express or implied), tort claims…, claims for violation of any other non-criminal federal, state, or other governmental law, statute, regulation or ordinance, …"

4.      In the agreements, plaintiffs and defendants HCMS and Wendco agreed that the arbitrator, not the court, "shall have the exclusive authority to resolve any dispute relating to the interpretation, arbitrability, applicability, enforceability, or formation of this Agreement…"

5.       In the agreements, plaintiffs and defendants HCMS and Wendco agreed that the "Federal Arbitration Act shall govern the interpretation, enforcement, and proceedings under this Agreement."

6.      In the agreements, plaintiffs acknowledged that they carefully read the agreement, understood its terms, and entered into the agreement voluntarily and with the opportunity to discuss the agreement with their own private lawyer.

7.      In this civil action filed by the plaintiffs, the plaintiffs purport to bring causes of action for breach of contract (Counts V as to HCMS; Count VI as to Wendco); fraud in the inducement (Counts VII as to HCMS; Count VIII as to Wendco); civil conspiracy (Count IX); a civil claim for alleged statutory violation of the Trafficking Victim Protection Reauthorization Act of 2003 (18 U.S.C. §1589 and 1590) (Count X); and a civil RICO count (Count XI).

8.      The civil action also purports to seek a declaratory judgment in Count XII regarding the enforceability of the arbitration agreements signed by the plaintiffs.

9.      All of the claims in the complaint asserted by the plaintiffs as to HCMS and Wendco fall within the scope of the mandatory arbitration agreements and are included within the agreements' definition of "legal claims" that are subject to mandatory arbitration.

10.      Pursuant to the Federal Arbitration Act, 9 U.S.C. §1 et seq. ("FAA"), because the plaintiffs agreed in writing to submit the claims being made in this civil action to mandatory binding arbitration, this complaint must be stayed or dismissed as to defendants HCMS and Wendco for referral to arbitration.

11.      Accordingly, the Court should issue an order dismissing the allegations in the complaint as to defendants Wendco and HCMS or, in the alternative, staying the case and referring all claims against Wendco and HCMS to arbitration.

**ARGUMENT**

Prior to entering into the J-1 sponsorship program with HCMS and Wendco, the plaintiffs agreed that any dispute between plaintiffs and Wendco, or between plaintiffs and HCMS, would be subject to mandatory arbitration as the "sole and exclusive final

remedy for resolving any such claim or dispute." Because the plaintiffs' claims against Wendco and HCMS fall within the scope of those agreements, the Federal Arbitration Act, 9 U.S.C. §1 et seq. ("FAA"), mandates that the Court stay or dismiss the actions as to Wendco and HCMS and compel these parties to submit to arbitration.

## I.   THE PARTIES TO THE CIVIL ACTION AND THEIR ARBITRATION AGREEMENTS

The plaintiffs were international exchange students training in the United States under a J-1 visa program. Complaint, ¶ 8.[1] The plaintiffs were "sponsored" by defendant International Student Exchange ("ISE"). Complaint, ¶ 12. Defendant Hospitality and Catering Management Services, Inc. ("HCMS") thereupon arranged for the plaintiffs the opportunity to obtain management training through defendant Wendco Complaint, ¶¶ 21-23. Wendco operates Wendy's restaurants in certain areas of the State of Alabama, including Daphne, Alabama. Complaint, ¶¶ 22-23.

On September 20, 2006, Plaintiff Scurtu was offered the assignment to begin management training at Wendco. Complaint, ¶ 22. She signed a training plan with HCMS on September 20, 2006. Complaint, 19. Also on September 20, 2006, Plaintiff Scurtu signed the "Agreement and Receipt for Foreign Exchange Program Workers" with defendant HCMS and Wendco.

On October 25, 2006, Plaintiff Grozav was offered the assignment to begin management training at Wendco. Complaint, ¶ 23. She signed a training plan with HCMS on October 25, 2006. Complaint, ¶ 20. Also on October 25, 2006, Plaintiff

---

[1] For purposes of this Motion, Defendants will rely upon the facts as alleged in the Complaint. Defendants' reliance upon the facts as alleged in the Complaint for purposes of this Motion is not intended as a waiver of Defendants' right to later deny or assert contrary facts.

Grozav signed the "Agreement and Receipt for Foreign Exchange Program Workers" with defendant HCMS and Wendco.

The "Agreement and Receipt for Foreign Exchange Program Workers" (hereinafter "arbitration agreement") requires the parties to the agreement, namely, the plaintiffs, Wendco, and HCMS, to submit any disputes to mandatory binding arbitration. The parties agreed that "all legal claims or disputes covered by this Agreement must be submitted to binding arbitration and that binding arbitration will be the sole and exclusive final remedy for resolving any such claim or dispute."  Exhibits A and B, p. 1.  The legal claims and disputes covered by the arbitration agreements were "all legal claims." Exhibits A and B, p. 1.  The arbitration agreements listed various types of disputes that would be included for arbitration purposes, "including…claims for wages or other compensation, claims for breach of any contract, covenant, or warranty (express or implied), tort claims…, claims for violation of any other non-criminal federal, state, or other governmental law, statute, regulation or ordinance, …."

In the agreements, plaintiffs and defendants HCMS and Wendco agreed that the "Federal Arbitration Act shall govern the interpretation, enforcement, and proceedings under this Agreement."  The FAA is found at 9 U.S.C. § 1 et seq., and specifically provides in § 2 that a written "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction,…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

The plaintiffs' complaint asserts thirteen purported counts against the three named defendants.  Those counts applicable to defendant HCMS are as follows:

Count V- Breach of Contract

Count VI-Breach of Contract

Count VII-Fraud in the Inducement

Count VIII-Fraud in the Inducement

Count IX- Civil Conspiracy

Count X- Statutory Violation of 18 U.S.C. §1589 and 1590 (Trafficking Victim Protection Reauthorization Act of 2003)

Count XI- Civil RICO

The counts applicable to defendant Wendco are fewer:

Count IX- Civil Conspiracy

Count X- Statutory Violation of 18 U.S.C. §1589 and 1590 (Trafficking Victim Protection Reauthorization Act of 2003)

Count XI- Civil RICO

All of the plaintiffs' claims asserted against HCMS and Wendco fall within the scope of the arbitration agreements.

## II. THE ARBITRATION AGREEMENTS ARE VALID AND ENFORCEABLE

The arbitration agreements are valid and enforceable against the plaintiffs. Each plaintiff agreed to be bound by the terms of the arbitration agreement in exchange for participating in the Wendco program with HCMS. The FAA mandates that agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The Federal Arbitration Act (FAA) liberally endorses and encourages arbitration as an alternative to litigation." *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 906 (11th Cir. 2006). The purposes of this "pro-arbitration policy" enacted by Congress

are to relieve court congestion and provide parties with a dispute resolution alternative which is "speedier and less costly than litigation." *Id*. (internal citations omitted)

There is an "unquestionably strong federal policy favoring arbitration." *Blinco v. Green Tree Servicing LLC*, 400 F.3d 1308, 1311 (11th Cir. 2005). "The FAA applies to all arbitration agreements involving interstate commerce, including employment contracts." *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1258 n.2 (11th Cir. 2003) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S.Ct. 1302 (2001)) The "strong federal preference for arbitration of disputes expressed by Congress in the Federal Arbitration Act…must be enforced where possible." *Id*. at 1258.

Section 3 of the FAA requires that in the event a party files a civil action in court over subject matter which may be subject to an arbitration agreement, the Court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an [arbitration] agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Dismissal, rather than a stay, is appropriate when all the claims must be submitted to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1165 (5th Cir. 1992). Here, all of the claims against Wendco and HCMS must be submitted to arbitration, so a dismissal of the claims as to Wendco and HCMS is appropriate.

When determining whether to grant a motion to compel arbitration, a court is to first "determine whether the parties agreed to arbitrate the dispute." *Klay v. All Defendant*s, 389 F.3d 1191 (11th Cir. 2004). "Under the FAA, 9 U.S.C. § 1 *et seq.,* a district court must grant a motion to compel arbitration if it is satisfied that the parties

actually agreed to arbitrate the dispute." *John B. Goodman Ltd. P'ship v. THF Const., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003).  This determination is to be made with the direction that courts must "rigorously enforce agreements to arbitrate."  *Id.* at 1200, citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985).  In this case, the arbitration agreement requires that "all legal claims" must be submitted for mandatory binding arbitration.  The arbitration agreement then provides as some examples the very types of causes of action alleged by the plaintiffs, including breach of contract, torts, and statutory claims.  It is no impediment that an arbitration agreement may not specifically identify any particular tort or statute it covers.  *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000).  An enforceable arbitration agreement may simply generally refer to statutory claims, for example, and need not identify any certain statute.  *Id.*  The courts have specifically held that a civil RICO action may be subject to arbitration.    *In Re:  Humana Inc. Managed Care Litigation*, 333 F.3d 1247, 1248 on remand from *PacifiCare Health Systems, Inc. v. Book,* 538 U.S. 401, 123 S.Ct. 1531, 1536, 155 L.Ed.2d 578 (2003).  Indeed, the presumption of arbitrability as set forth in the FAA is so strong that arbitrability is presumed for each statutory cause of action unless Congress has "clearly expressed an intention to preclude arbitration" of that particular statutory claim.  *In re: Electric Machinery Enterprises, Inc.,* 479 F.3d 791, 795 (11th Cir. 2007) (internal citation omitted).  The party opposing arbitration has the burden of proving that Congress intended to preclude arbitration.  *Id.*

"An arbitration agreement is not vague solely because it includes the universe of the parties' potential claims against each other." *Brown*, 211 F.3d  at 1221.  Because the FAA establishes a presumption of arbitrability, "parties must clearly express their intent

to exclude categories of claims from their arbitration agreement." *Id*. at 1222 (internal citations omitted).   In this case, the arbitration agreement clearly encompasses all of the claims asserted by the plaintiffs against Wendco and HCMS.

The second step a court must determine is whether "legal restraints external to the parties' agreement foreclosed arbitration."   *Klay*, 389 F.3d at 1200 (internal citation omitted).  There are no such legal restraints in this case.

Although there is no doubt in this case that arbitration must be compelled, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Blinco v. Green Tree*, 400 F.3d at 1311, citing *Moses H. Cone Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765, 785 (1983).

The fact that the arbitration agreement "does not specify the identity of the arbitrator, forum, location, or allocation of costs from the arbitration" does not make the agreement invalid or unenforceable.  *Blinco*, 400 F.3d at 1312-13.

Furthermore, the arbitration agreement in this case provides that the arbitrator, not the court, "shall have the exclusive authority to resolve any dispute relating to the interpretation, arbitrability, applicability, enforceability, or formation of this Agreement…"  When an arbitration agreement provides that the arbitrator, not the court, is to determine the validity of the arbitration clause itself, then it is indeed appropriate for such determinations to be made by the arbitrator.  *Terminix Int'l Co. v. Palmer Ranch Ltd. Partnership*, 432 F.3d 1327, 1332-1333 (11th Cir. 2005). "Once the court is satisfied that the parties actually agreed to arbitrate the dispute, it is for the arbitrator to decide whether the contract containing the valid agreement to arbitrate is itself enforceable."

*John B. Goodman Ltd. P'ship v. THF Const., Inc.*, 321 F.3d 1094, 1098 (11th Cir. 2003).

"A court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided." *Musnick*, 325 F.3d at 1261 (internal citation omitted)  As the parties agreed to submit their disputes to arbitration, pursuant to the FAA the Court must stay or dismiss the allegations against Wendco and HCMS and compel arbitration.  To the extent that arbitrability or other issues are claimed by the plaintiff, these issues are for the arbitrator to decide.

**III.   Conclusion**

Under the FAA, a Court's role is limited to determining (1) whether the parties agreed in writing to submit a dispute to arbitration, and (2) whether the dispute(s) at issue fall within the scope of the arbitration agreement.  Because both of these requirements are met in this case, this Court should dismiss the claims as to HCMS and Wendco, or, in the alternative, stay the case and refer all claims against HCMS and Wendco to arbitration.

Respectfully submitted,

/s/ *Thomas F. Gonzalez*
Thomas F. Gonzalez (GONZT9884)
BEGGS & LANE, RLLP
501Commendencia Street (32502-5915)
Post Office Box 12950
Pensacola, Florida 32591-2950
Telephone: (850) 432-2451
Telefacsimile: (850) 469-3331

Attorney for Wendco of Alabama, Inc.

/s/ *Thomas J. Woodford*
Thomas J. Woodford (WOODT5567)
JACKSON MYRICK LLP
Post Office Box 1287
Mobile, Alabama  36633
(251) 432-1811
(251) 433-1230 fax

Attorney for Hospitality and Catering
Management Services

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LINDA. SCURTU and
CORNELIA GROZAV

      **Plaintiffs**

**v.**                                                                    **1:07-cv-00410-WS-B**
INTERNATIONAL STUDENT
EXCHANGE, et al.

      **Defendants**

_____/


## CERTIFICATE OF SERVICE

      I hereby certify that on August 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert A. Ratliff, Esquire
713 Dauphin Street
Mobile, Alabama 36602

Jon A. Green, Esquire
711 Dauphin Street
Mobile, Alabama 36602

Caroline T. Pryor, Esquire
P.O. Box 1126
Daphne, AL 36526


                                   */s/ Thomas J. Woodford*
                                   Thomas J. Woodford (WOODT5567)

## AGREEMENT AND RECEIPT
## FOR FOREIGN EXCHANGE PROGRAM WORKERS

The undersigned Employee is being employed by *Hospitality & Catering Management Services* ("the agency"). The Employee will be assigned to work on a temporary basis in one or more of the restaurants of *Wendco Corporation* or *Wendco of Alabama, Inc.* (Wendco).

**MUTUAL PROMISE TO RESOLVE CLAIMS BY BINDING ARBITRATION.** In signing this Agreement, the parties agree that all legal claims or disputes covered by this Agreement must be submitted to binding arbitration and that binding arbitration will be the sole and exclusive final remedy for resolving any such claim or dispute. The parties also agree that any arbitration between the parties will not be arbitrated on a collective or class-wide basis.

Legally protected rights covered by this Arbitration Agreement are all legal claims, including: claims for wages or other compensation; claims for breach of any contract, covenant or warranty (expressed or implied); tort claims (including, but not limited to, claims for physical, mental or psychological injury, but excluding statutory workers compensation claims); claims for wrongful termination; sexual harassment; discrimination (including, but not limited to, claims based on race, sex, religion, national origin, age, damages or other remedies under any employee benefit program (after exhausting administrative remedies under the terms of such plans); "whistleblower" claims under any federal, state or other governmental law, statute regulation or ordinance; claims for a violation of any other non-criminal federal, state or other governmental law, statute, regulation or ordinance; and claims for retaliation under any law, statute, regulation or ordinance, including retaliation under any workers compensation law or regulation.

**MULTI-STATE BUSINESS.** The Employee understands and agrees the Agency and Wendco are engaged in transactions involving interstate commerce and that Employee's employment involves such commerce. The parties agree that the *Federal Arbitration Act* shall govern the interpretation, enforcement, and proceedings under this Agreement.

**DIFFERENT PARTS OF AGREEMENT.** The parties understand and agree that the provisions of this Agreement are severable and, should any provision be held unenforceable, all others will remain valid, binding, and fully enforceable. The parties agree that the arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, arbitrability, applicability, enforceability or formation of this Agreement is void or voidable. If a court should determine that arbitration under this Agreement is not the exclusive, final, and binding method to resolve disputes and/or that the decision and award of the arbitrator is not final and binding as to some or all of a party's claims, the party must submit any claim hereunder to arbitration and pursue the arbitration to conclusion before filing or pursuing any legal, equitable, or other legal proceeding for any eligible claim in a court of competent jurisdiction.

**REQUIREMENTS FOR CHANGE IN AGREEMENT.** This Agreement to arbitrate shall survive the termination of employment by the Employee. It can only be revoked or modified by mutual consent evidenced by a writing signed by all parties that specifically states intent to revoke or modify this Agreement.

**SOLE AND ENTIRE AGREEMENT.** This Agreement is the complete agreement of the parties on the subject of arbitration of disputes. This Agreement takes the place of any other verbal or written understanding on this subject. No party is relying on any statements, oral or written, on the subject of arbitration or the effect, enforceability or meaning of this Agreement, except as specifically stated in this Agreement.

**NOT AN EMPLOYMENT CONTRACT.** While this Agreement is a binding promise between the parties to arbitrate all claims in dispute described herein, this Agreement is not and shall not be construed to create any contract of employment, expressed or implied. Nor does this Agreement in any way alter the "at-will" status of the employee or the rights of Wendco Corporation or Wendco of Alabama, Inc., under its agreement with the Agency.

**VOLUNTARY AGREEMENT.** The Employee acknowledges that he/she has carefully read this Agreement, and understands its terms, that all understandings and agreements between the Agency, Wendco and the Employee relating to the subjects covered in this Agreement are contained in it, and that he/she has entered into the Agreement voluntarily and not in reliance on any other promises or representations other than those in the Agreement itself.

The Employee further acknowledges and agrees that he/she has been given the opportunity to discuss this Agreement with his/her own private lawyer and have used that opportunity to the extent that he/she wishes to do so. This Agreement shall apply to the Employee, his/her representatives, executors, administrators, guardians, heirs and assigns in any action where a claim could be brought.


*CORNELIA   GROZAV*
Print Employee's Name

*[signature]*
Signature of Employee


Signature of Parent or Guardian
(if under age 18)


Social Security Number or Visa Number

*10 - 25 - 06*
Date

*DAPHNE*
Restaurant Location


Hospitality & Catering Management Services
Its (Their) successors and assigns

By: *[signature]*
Authorized Office


Wendco Corporation. /Wendco of Alabama, Inc.,
Its successors and assigns

By: *[signature]*
Roger W. Webb, President

## AGREEMENT AND RECEIPT
## FOR FOREIGN EXCHANGE PROGRAM WORKERS

The undersigned Employee is being employed by *Hospitality & Catering Management Services* ("the agency"). The Employee will be assigned to work on a temporary basis in one or more of the restaurants of *Wendco Corporation* or *Wendco of Alabama, Inc.* (Wendco).

**MUTUAL PROMISE TO RESOLVE CLAIMS BY BINDING ARBITRATION.** In signing this Agreement, the parties agree that all legal claims or disputes covered by this Agreement must be submitted to binding arbitration and that binding arbitration will be the sole and exclusive final remedy for resolving any such claim or dispute. The parties also agree that any arbitration between the parties will not be arbitrated on a collective or class-wide basis.

Legally protected rights covered by this Arbitration Agreement are all legal claims, including: claims for wages or other compensation; claims for breach of any contract, covenant or warranty (expressed or implied); tort claims (including, but not limited to, claims for physical, mental or psychological injury, but excluding statutory workers compensation claims); claims for wrongful termination; sexual harassment; discrimination (including, but not limited to, claims based on race, sex, religion, national origin, age, damages or other remedies under any employee benefit program (after exhausting administrative remedies under the terms of such plans); "whistleblower" claims under any federal, state or other governmental law, statute regulation or ordinance; claims for a violation of any other non-criminal federal, state or other governmental law, statute, regulation or ordinance; and claims for retaliation under any law, statute, regulation or ordinance, including retaliation under any workers compensation law or regulation.

**MULTI-STATE BUSINESS.** The Employee understands and agrees the Agency and Wendco are engaged in transactions involving interstate commerce and that Employee's employment involves such commerce. The parties agree that the *Federal Arbitration Act* shall govern the interpretation, enforcement, and proceedings under this Agreement.

**DIFFERENT PARTS OF AGREEMENT.** The parties understand and agree that the provisions of this Agreement are severable and, should any provision be held unenforceable, all others will remain valid, binding, and fully enforceable. The parties agree that the arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, arbitrability, applicability, enforceability or formation of this Agreement is void or voidable. If a court should determine that arbitration under this Agreement is not the exclusive, final, and binding method to resolve disputes and/or that the decision and award of the arbitrator is not final and binding as to some or all of a party's claims, the party must submit any claim hereunder to arbitration and pursue the arbitration to conclusion before filing or pursuing any legal, equitable, or other legal proceeding for any eligible claim in a court of competent jurisdiction.

**REQUIREMENTS FOR CHANGE IN AGREEMENT.** This Agreement to arbitrate shall survive the termination of employment by the Employee. It can only be revoked or modified by mutual consent evidenced by a writing signed by all parties that specifically states intent to revoke or modify this Agreement.

**SOLE AND ENTIRE AGREEMENT.** This Agreement is the complete agreement of the parties on the subject of arbitration of disputes. This Agreement takes the place of any other verbal or written understanding on this subject. No party is relying on any statements, oral or written, on the subject of arbitration or the effect, enforceability or meaning of this Agreement, except as specifically stated in this Agreement.

**NOT AN EMPLOYMENT CONTRACT.** While this Agreement is a binding promise between the parties to arbitrate all claims in dispute described herein, this Agreement is not and shall not be construed to create any contract of employment, expressed or implied. Nor does this Agreement in any way alter the "at-will" status of the employee or the rights of Wendco Corporation or Wendco of Alabama, Inc., under its agreement with the Agency.

**VOLUNTARY AGREEMENT.** The Employee acknowledges that he/she has carefully read this Agreement, and understands its terms, that all understandings and agreements between the Agency, Wendco and the Employee relating to the subjects covered in this Agreement are contained in it, and that he/she has entered into the Agreement voluntarily and not in reliance on any other promises or representations other than those in the Agreement itself.

The Employee further acknowledges and agrees that he/she has been given the opportunity to discuss this Agreement with his/her own private lawyer and have used that opportunity to the extent that he/she wishes to do so. This Agreement shall apply to the Employee, his/her representatives, executors, administrators, guardians, heirs and assigns in any action where a claim could be brought.

_____
Print Employee's Name

_____
Signature of Employee

_____
Signature of Parent or Guardian
(if under age 18)

157 03 2840
Social Security Number or Visa Number

08/20/06
Date

206
Restaurant Location

Hospitality & Catering Management Services
Its (Their) successors and assigns

By: _____
Authorized Office

Wendco Corporation /Wendco of Alabama, Inc.,
Its successors and assigns

By: _____
Roger W. Webb, President