IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINA SCURTU, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0410-WS-B |
| | ) |
| INTERNATIONAL STUDENT | ) |
| EXCHANGE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter, which has been stayed pursuant to 9 U.S.C. § 3 pending arbitration of all of plaintiffs' causes of action against defendants Hospitality and Catering Management Services and Wendco of Alabama, Inc., comes before the Court on the parties' joint Motion for Leave of Court to Serve Third-Party Subpoenas Under Authority of the Federal Court (doc. 60). The parties explain that they are seeking to collect relevant evidence from third parties "who would be more likely to respond to a federal subpoena rather than a discovery request by an attorney and/or arbitrator." On that basis, the parties request leave to issue federal court subpoenas for the arbitration proceedings, using the above federal action caption and case number. They cite no authority for this request.

The Court appreciates the parties' motivations of wanting to handle third-party discovery in an efficient manner. But the law is not in their favor. In *Thompson v. Zavin*, 607 F. Supp.2d 780 (C.D. Cal. 1984), the district court considered and rejected an analogous request. The *Thompson* court observed that nothing in the Federal Arbitration Act "authorizes further action by a federal court once the court stays a matter, except that the court can enforce a subpoena issued by the arbitrators or confirm, vacate or modify the arbitrators' award once it is made." *Id.* at 782. The *Thompson* court further reasoned that if federal court subpoenas were issued in an arbitration, "it would interfere with a matter entrusted by federal law to the arbitrators, without any congressional expression reserving to the courts the power to issue, rather than merely

enforce, subpoenas." *Id.* at 783.  This reasoning is persuasive that this Court should not (and perhaps cannot) interfere in arbitration proceedings by allowing federal court subpoenas to be issued for purposes of discovery in that arbitration.

Moreover, the Court draws guidance from *Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648 (11th Cir. 1988), wherein the Eleventh Circuit explained that "[a]n agreement to arbitrate is an agreement to proceed under arbitration and not under court rules." *Id.* at 649.  On that basis, the *Suarez-Valdez* panel vacated a district court order requiring the parties to engage in, and submit to, discovery under the Federal Rules of Civil Procedure in a matter stayed for arbitration, suggesting that allowing district courts to order discovery in arbitration proceedings "risks a plunge into judicial control over arbitration." *Id.* at n.1.  The *Suarez-Valdez* decision would appear to forbid the Court from authorizing issuance of federal court subpoenas under Rule 45, Fed.R.Civ.P., for a stayed arbitration matter.  The parties having agreed to arbitrate their dispute, they cannot rely on the Federal Rules of Civil Procedure to procure discovery from third parties under the auspices of this federal court.

This conclusion is reinforced by examination of the Federal Arbitration Act itself, which outlines a clear procedure for issuance of subpoenas to parties or non-parties in arbitration proceedings.  According to the Act, an arbitrator "may summon in writing any person to attend before [him] ... as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. ... Said summons shall issue in the name of the arbitrator ... and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court." 9 U.S.C. § 7.  The parties suggest that the witnesses in question may prove unwilling to respond to an arbitrator's summons.  However, the Act would provide a clear remedy.  Indeed, the Act creates an enforcement mechanism in the event the party or non-party refuses to comply with an arbitrator's summons, to-wit: "[I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States." *Id.*  Thus, this

statute makes clear that the time for invoking federal court assistance in connection with arbitration subpoenas is in enforcing, rather than issuing, them.

The parties have made no showing that the statutory procedure for summoning witnesses in arbitral proceedings, and for judicial enforcement of such summonses, will be inadequate to procure compliance here, or that any extraordinary circumstances exist that might warrant the issuance of Rule 45 subpoenas in this stayed arbitration matter.  For these reasons, and in the absence of any citations to authority by the parties establishing that Rule 45 subpoenas might be appropriate or permissible in this action, the Motion for Leave of Court to Serve Third-Party Subpoenas Under Authority of the Federal Court (doc. 60) is **denied**.

DONE and ORDERED this 30th day of June, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE