IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINA SCURTU, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0410-WS-B |
| | ) |
| HOSPITALITY AND CATERING | ) |
| MANAGEMENT SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on defendants' October 2010 Status Report (doc. 123). That Status Report reflects that the parties have resolved their apparent stalemate over payment of arbitrator fees and have arranged an installment payment plan, with the arbitrator's assent, that will enable the summary judgment process to move forward in arbitration in or after January 2012, some 15 months from now. In the Status Report, defendants question whether this Court wants them to file a motion seeking approval of this proposed procedure.

In general, federal courts do not become entangled with the minutiae of the arbitration process, but instead entrust the arbitrator with those determinations. Indeed, as one district court put it, "courts are not to reach out and micromanage the procedural aspects of arbitration." *Merrill Lynch, Pierce, Fenner & Smith v. Barchman*, 916 F. Supp. 845, 849 (N.D. Ill. 1996); *see also Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634 (9th Cir. 2010) ("procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide") (citations and internal quotation marks omitted); *Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009) ("the Supreme Court has decided that, absent an agreement to the contrary, the parties intend that the arbitrator, not the courts, should decide certain procedural questions which grow out of the dispute and bear on its final disposition").

There is an exception, however. In particular, this Court is empowered to take action as needed to ensure that the parties fulfill their arbitration commitment in a reasonably prompt and diligent manner. *See generally Martens v. Thomann*, 273 F.3d 159, 179 n.14 (2nd Cir. 2001) ("we note that those courts to have addressed the issue have held that a court which stays an action pending arbitration nevertheless maintains jurisdiction to regulate the parties' conduct by issuing sanctions, including dismissal for failure to prosecute"); *LaPrade v. Kidder Peabody & Co.*, 146 F.3d 899, 902-03 (D.C. Cir. 1998) (affirming district court's imposition of sanctions against party engaged in dilatory tactics in arbitration proceedings previously ordered by that court, where district court had retained jurisdiction during stay); *Perry v. Norwest Financial Alabama, Inc.*, 1998 WL 964987, *1 (S.D. Ala. Dec. 9, 1998) (explaining that, after staying case for arbitration, district court "continues to have certain powers over the parties and their arbitral proceeding ... [and] can impose sanctions on the parties for employing dilatory tactics which frustrate the arbitral process").

This is a case where that exception looms large. In the Order entered on July 27, 2010, this Court documented the inordinate, and frankly inexcusable, pattern of delay in which the parties have engaged since this straightforward action was referred to arbitration back in October 2007. (*See* doc. 118, at 2-3 & n.2.)[1] Likewise, at the parties' request, the Court reviewed all of plaintiffs' evidence concerning ability to pay and made an express determination that "they have failed to meet their burden of showing that continuing with the arbitration process would be so prohibitively expensive as to preclude the effective vindication of their rights and have failed to identify any legitimate basis for not complying with their fee agreement." (*Id.* at 20.) The July

---

[1] The Court assures the parties that it was not dealing in hyperbole when it characterized their arbitration as "a stagnating sinkhole of time" and noted that "[t]he party-driven breakdown of order and efficiency in the arbitration process is both astonishing and virtually unprecedented in the undersigned's experience." (Doc. 118, at 3 n.2.) It had been the undersigned's earnest hope that such strong words would imbue the parties with a sense of urgency to beat a path to the finish line in arbitration. Judging by their present proposal to allow their already-ancient arbitration proceedings to lie dormant for 15 months into the future for little constructive purpose, the message was not received. The Status Report's reference to the parties "resolving all outstanding discovery matters" between now and January 2012 is neither persuasive nor apparently constructive, given the extensive discovery in which they have already engaged and the pendency of ripe summary judgment motions before the arbitrator. There is no reason in the world why the parties would require 15 additional months of discovery in what is, again, a relatively uncomplicated case before the matter can proceed.

27 Order specifically ordered plaintiffs to pay $1,332.00 to the arbitrator's retainer fund no later than August 26, 2010, based on the Court's determination that they had not shown their inability to make such a payment without undue hardship. (*Id.* at 17-18.) This latest Status Report appears to reflect that plaintiffs have not complied with the July 27 Order, but instead contemplate dragging out their payments for more than a year from today before this arbitration can proceed. On its face, this proposed course of conduct appears to reflect both a continuation of the dilatoriness that has marked these proceedings for the last three years and a disregard for the unambiguous directives of the July 27 Order. Without some justification for this proposed course of conduct, this Court would have serious questions as to whether imposition of sanctions (up to and including dismissal for failure to prosecute) is warranted here.

The Court will not order the parties to file a motion seeking approval of their proposed hiatus of "at least" 15 months in these 36-month old arbitration proceedings to allow the plaintiffs to complete payment arrangements that this Court ordered them to make months ago. However, if subsequent monthly status reports do not include an adequate showing to address the foregoing concerns, this Court will not hesitate to issue a show cause order to plaintiffs to explain why their conduct in the aftermath of the July 27 Order does not warrant imposition of sanctions, up to and including dismissal.

DONE and ORDERED this 18th day of October, 2010.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE