IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINA SCURTU, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 07-0410-WS-B |
| | ) |
| HOSPITALITY AND CATERING | ) |
| MANAGEMENT SERVICES, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This closed action comes before the Court on Plaintiffs' Motion to Reopen Case and Set Trial Date; Plaintiffs' Motion for Contempt (doc. 153).

    On September 26, 2011, the undersigned entered an Order (doc. 152) acknowledging that the parties' recent status reports confirmed that they had settled all claims and causes of action herein. On that basis, the September 26 Order dismissed this action from the active docket of the Court, with prejudice, subject to any party's right to seek reinstatement within 30 days if the settlement agreement were not consummated.

    In their October 24 Motion, plaintiffs request that this action be reopened and set on this Court's trial calendar at the earliest opportunity. As grounds for their Motion, plaintiffs state that defendant Hospitality Catering Management Services ("HCMS") has not made $6,600 in payments due and owing under the settlement agreement to which the parties agreed in August 2011.[1] When plaintiffs balked at HCMS's failure to tender such payments, HCMS's counsel

---

[1]     It is unclear whether HCMS ever executed the settlement agreement or not. Indeed, the copy of the Settlement Agreement and Release that plaintiffs append to their Motion as Exhibit A is signed only by plaintiffs and their lawyers, not by HCMS or its lawyer. Thus, it is unclear whether the Settlement Agreement and Release was ever consummated. If anything, it appears from plaintiffs' Motion that the written settlement document was not finalized. Plaintiffs do not allege that HCMS ever executed it, but instead state that the document "was negotiated solely by counsel for HCMS" (doc. 153, ¶ 6), seemingly in explanation for why it should be binding on HCMS notwithstanding lack of execution.

notified them on October 7, 2011 that he was "having difficulty communicating with [his] client" for unknown reasons. (Doc. 153, Exh. B.) Then, on October 14, 2011, HCMS's counsel sent an email to plaintiffs' counsel indicating that he had finally heard from his client (who had purportedly been "out of the country") and suggesting the following: "How about a consent judgment in federal court now for $11,000, with federal court interest at post-judgment rate, with payments to begin in January?" (*Id.*, Exh. C.)[2] The email was silent as to whether HCMS was willing to honor the written Settlement Agreement and Release previously negotiated and signed by plaintiffs.

Apparently in lieu of any attempt to work constructively with opposing counsel to salvage their agreement with HCMS, plaintiffs filed their Motion to Reopen Case and for Contempt. In that Motion, they assert that it is "obvious" from these facts that HCMS "entered into arbitration in bad faith" and that HCMS "has no intention of honoring that settlement agreement." (Doc. 153, ¶ 13.) On that basis, plaintiffs request (with no citations to authority) that HCMS be held in contempt, that it be required to pay all (or a substantial portion of) plaintiffs' arbitration costs, and that this action be reinstated and placed on this Court's trial docket because "it is apparent that Defendant HCMS does not recognize and will not abide by voluntary arbitration." (*Id.*, ¶ 15.)[3]

The problems with plaintiffs' filing are myriad. First and foremost, there is not the slightest hint in the Motion that plaintiffs have made any reasonable attempt to preserve their settlement with HCMS; rather, by all appearances, they have simply reverted to "attack mode" without exploring whether their agreement is salvageable.[4] This is incomprehensible, and surely

---

[2] The Settlement Agreement and Release appended to plaintiffs' Motion likewise provides for HCMS to pay plaintiffs the sum of $11,000. Thus, the October 14 proposal from HCMS appeared only to affect the timing and form of settlement, not the principal amount.

[3] Although plaintiffs' Motion to Reopen does not differentiate between the two defendants in terms of the reinstatement remedy requested, presumably they would be requesting only reopener of their claims against defendant HCMS, not those against defendant Wendco. After all, the Motion states that "[t]he settlement with Defendant Wendco concluded without difficulty." (Doc. 153, ¶ 3.)

[4] That statement should not be construed as fixing fault for this state of affairs solely on plaintiffs' counsel. Surely HCMS's counsel could have done more than fire off a perfunctory email on October 14, 2011 with what appears to be a counterproposal to an
(Continued)

not in the best interest of anyone.  Second, plaintiffs' contention that this glitch/stumbling block/ misunderstanding/disagreement over the Settlement Agreement renders it "obvious" that HCMS participated in arbitration in bad faith and has no intention of complying with that Settlement Agreement is mystifying.  On the facts presented, no reasonable observer could conclude that HCMS's conduct in September and October 2011 establishes that its involvement in arbitration was in "bad faith" or that it has repudiated the Settlement Agreement.  Third, plaintiffs have failed to make anything approaching the kind of showing necessary to prevail on a motion for contempt.[5]  The issue of contempt sanctions is so ill-fitting here as to have no rational place in the discussion.  The Motion for Contempt is **denied**.  Fourth, plaintiffs provide no explanation, theory or argument why, if this case were reinstated, this Court should unilaterally terminate the arbitral proceedings, ignore the pending motions for summary judgment, and set this case for trial.  The undersigned has written at length in previous orders explaining why this action was properly referred to arbitration.  Such a determination will not be countermanded simply because plaintiffs' counsel is angry at how HCMS has conducted itself in settlement proceedings.  And the Court has not a scintilla of evidence before it to support plaintiffs' shrill accusation that HCMS "does not recognize and will not abide by voluntary arbitration."  (Doc. 153, ¶ 15.)

      Where does this leave us?  Ultimately, if plaintiffs have their hearts set on reopening this litigation for failure to consummate a settlement agreement with HCMS, it is their right to do so under the terms of the September 26 Order.  However, on this showing, any such reinstatement

---

agreement that he knew plaintiffs had already signed, when surely he could have anticipated the inflammatory reaction his email would incite.  As is well documented in the court file, communication problems among counsel have needlessly plagued this action for years.  This instance appears to be more of the same.

[5]    For example, plaintiffs do not suggest (much less offer clear and convincing evidence) that HCMS has ever violated any court order, which is a basic, fundamental prerequisite for imposition of contempt sanctions.  *See, e.g., Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) ("Civil contempt proceedings are brought to enforce a court order that requires a party to act in some defined manner.") (citation and internal marks omitted); *In re Grand Jury Proceedings*, 877 F.2d 849, 850 (11th Cir. 1989) ("Civil contempt is a coercive device imposed to secure compliance with a court order …."); *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1534 n.4 (11th Cir. 1986) ("A finding of contempt must be based on clear and convincing evidence that the contemnor violated a court order ….").

will not be accompanied by cancellation of plaintiffs' arbitration obligations or the disappearance of the Rule 56 motions, and will not result in this case magically finding a home on this Court's trial docket.  If plaintiffs are serious about reinstatement, then they should know that (i) reinstatement will be to the arbitrator's docket in the first instance, and (ii) they are effectively throwing away the settlement with HCMS to which they previously agreed.

In light of the foregoing considerations, and the dearth of evidence that the parties have made any good-faith effort to resolve their differences concerning the HCMS settlement before once again rushing to this Court for intercession, counsel for plaintiffs and HCMS are **ordered** to meet **in person** (preferably with the arbitrator's presence), to confer in good faith concerning the status of the settlement, and to file a joint status report on or before **November 15, 2011**.  That joint report should reflect, at a minimum, the following: (i) whether the written Settlement Agreement and Release has been executed by all parties; (ii) if not, whether the parties have been able to finalize a settlement of any kind; (iii) if not, whether HCMS is intending to repudiate the previously negotiated and agreed terms of the settlement, and on what basis; (iv) whether HCMS has paid any settlement proceeds to plaintiffs; (v) if not, when HCMS anticipates making payment to plaintiffs and why it has not done so already; and (vi) whether, in light of the foregoing, the parties wish to have their dispute reinstated to the active docket, in which case the referral to arbitration will remain in full force and effect.

DONE and ORDERED this 26th day of October, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE