IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LINA SCURTU, *et al.*, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 07-0410-WS-B |
| | ) |
| HOSPITALITY AND CATERING | ) |
| MANAGEMENT SERVICES, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court on defense counsel's Unopposed Motion to Withdraw (doc. 171) and the accompanying Declaration of Thomas J. Woodford (doc. 170). Taken together, these filings reflect that defendant Hospitality and Catering Management Services ("HCMS") has terminated all communications with its retained attorneys, that it has not paid its attorneys' outstanding legal fees, and that it has failed to pay promised settlement proceeds to plaintiffs. On that basis, defense counsel of record Thomas J. Woodford requests leave of court to withdraw from this matter.

In light of counsel's showing of a total breakdown in communications between HCMS and its counsel of record, Attorney Woodford's Unopposed Motion to Withdraw (doc. 171) is **granted**. The Clerk's Office is directed to terminate Attorney Woodford as counsel of record for HCMS.

Its counsel having been authorized to withdraw, HCMS is cautioned that it will not be permitted to participate in these proceedings further unless it promptly retains substitute counsel. The law is crystal clear that a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel.[1] Simply put, HCMS cannot represent itself in this

---

[1]    *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed (Continued)

proceeding, nor can its corporate officers, owners or employees file papers in this case on behalf of that entity unless they are licensed attorneys.  For this reason, it is imperative that HCMS retain counsel immediately if it wishes to be heard or to defend against this action.  HCMS is therefore **ordered**, on or before **July 6, 2012**, to notify the Court in writing via notice of appearance of the name, address, and telephone number of the counsel it has retained to represent its interests in this action.  **Failure to comply with this Order in a timely manner will preclude HCMS from the ability to be heard any further in this action or in the underlying arbitration proceedings.**

The timing of this development is unfortunate, as this action is on the brink of conclusion of arbitral proceedings.  In that regard, the arbitrator is currently considering plaintiffs' motion for reconsideration of entry of final judgment, which motion has been pending since early February 2012.  The Court's hope and expectation, however, are that the arbitrator is in a position now to resolve that motion for reconsideration and enter final judgment once and for all in this case.  It is time for the arbitration proceedings that commenced in October 2007 to be concluded.  Once the arbitrator has ruled on the motion to reconsider, plaintiffs are **ordered** to file a notice in this District Court attaching a copy of the arbitrator's ruling and final judgment.  Further, plaintiffs are **ordered** to file any motion for confirmation, modification, or vacatur of that final judgment in this District Court within **30 calendar days** after the arbitrator decides the motion to reconsider, failing which the Court will exercise its inherent powers to dismiss this action for failure to prosecute.[2]  Five years from its inception, what should have been a garden

---

counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that ... cannot appear *pro se*, and must be represented by counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court."); *Udoinyion v. The Guardian Security*, 2011 WL 3911087, *3 (11th Cir. Sept. 7, 2011) ("A corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel.").

[2]     As the Court previously stated in its Order (doc. 168) entered on January 31, 2012, any such motion that plaintiffs wish to file must be accompanied by appropriate citations to statutes, case authority, and/or contractual provisions on which that request is predicated, rather than simply providing the movants' say-so.  Particularly if plaintiffs seek relief from the arbitrator's judgment, the Court cannot and will not perform their legal research or develop their legal arguments for them.  Furthermore, plaintiffs are strongly encouraged to give careful (Continued)

variety arbitration case will not be permitted to languish on this Court's docket any longer than necessary once the final arbitration award is entered.  The undersigned has had minimal control over the timing of this litigation ever since arbitration began; however, that dynamic changes as soon as the arbitration proceeding concludes.  *See generally see also Walter Int'l Productions, Inc. v. Salinas*, 650 F.3d 1402, 1415 (11th Cir. 2011) ("A district court has broad authority to control the pace of litigation before it.") (citation and internal quotation marks omitted).

The Clerk of Court is **directed** to mail a copy of this Order to defendant at the following address:  Paul Cohen, Hospitality & Catering Services, Inc., 21150 Canalport Avenue, Suite 3-A1, Chicago, Illinois 60608.

DONE and ORDERED this 19th day of June, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

consideration to the possibility that if HCMS has not paid its lawyers and has refused to communicate with its lawyers of late, that entity may be judgment-proof, such that efforts by plaintiffs to attack the arbitration award in federal court (thereby prolonging this litigation and further accruing legal fees for plaintiffs) may not be an efficient or prudent use of resources. Finally, plaintiffs are reminded that any challenge to the arbitrator's judgment faces daunting legal obstacles on judicial review of same, given the enormous deference to which the arbitrator's award is entitled.  *See, e.g., Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313 (11th Cir. 2010) ("There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible.") (citation and internal quotation marks omitted); *AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007) ("Because arbitration is an alternative to litigation, judicial review of arbitration decisions is among the narrowest known to the law.") (citation and internal quotation marks omitted).